IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARRIE L. MOORE,                )
                                )
        Plaintiff,               )
                                )
    v.                           )  Civil Action No. 10-0823
                                )
MICHAEL J. ASTRUE,               )
Commissioner of Social           )
Security,                        )
                                )
        Defendant.               )

MEMORANDUM

Gary L. Lancaster,
Chief Judge                                    September 30, 2011

This is an appeal from the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. § 405, et seq.; 42 U.S.C. § 1381, et seq. Plaintiff, Carrie Moore, argues that the court should reverse the decision of the Administrative Law Judge ("ALJ") and award her benefits because she is disabled due to migraines, headaches, and a seizure disorder. The parties have filed cross-motions for summary judgment.

Ms. Moore argues that when the ALJ made his determination regarding Ms. Moore's impairments, the ALJ erred in failing to give proper weight to the reports of Dr. Asthana, Ms. Moore's treating neurologist. Ms. Moore also claims that

the ALJ erred by posing a hypothetical question to the vocational expert that did not accurately reflect plaintiff's limitations, thus resulting in a decision that is not supported by substantial evidence.

Defendant contends that there is substantial evidence to support the ALJ's ultimate conclusion that Ms. Moore is not disabled under the Act. According to defendant, the ALJ gave proper weight to Dr. Asthana's treatment notes, and also posed a proper hypothetical question to the vocational expert, supported by substantial evidence.

Based on the evidence of record and the briefs filed in support of each party's motion for summary judgment, the court concludes that substantial evidence supports the Commissioner's finding that Ms. Moore is not disabled.

I. BACKGROUND

Ms. Moore applied for DIB and SSI benefits on April 12, 2007 alleging disability as of October 29, 2002. These claims were administratively denied on May 23, 2007. Ms. Moore timely filed a request for a hearing, which was held on September 22, 2008 before ALJ Donald McDougall. Ms. Moore testified at the hearing. In a decision dated December 12, 2008, the ALJ found that Ms. Moore was not disabled and denied disability benefits. On April 26, 2010, the Appeals Council

2

denied Ms. Moore's request for review thereby making the ALJ's decision the final decision of the Commissioner. Ms. Moore commenced this action on June 21, 2010, seeking judicial review of the Commissioner's decision. Ms. Moore and the Commissioner filed motions for summary judgment on November 22, 2010 and December 22, 2010, respectively.

II. STANDARD OF REVIEW

Where the Commissioner's findings are supported by substantial evidence, we must affirm. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence[.]" Rutherford, 399 F.3d at 552 (citations omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if the court "would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

3

III. DISCUSSION

The ALJ determined that Ms. Moore had the following severe impairments: migraines, asthma, obesity, and acid reflux. The ALJ then assessed Ms. Moore's residual functional capacity (RFC) as follows:

> the claimant has the residual functional capacity to perform light work as defined by 20 CFR 404.1567(b) and 416.967(b) except she should do no climbing of ladders, ropes, scaffolds, stairs or ramps; no more than occasional balancing, stooping, kneeling, crouching or crawling; no exposure to significant workplace hazards, such as dangerous moving machinery or unprotected heights; no exposure to extremes of fumes, dusts, gases or other respiratory irritants; and she must be able to miss up to one day of work per month.

For the reasons discussed below, the ALJ's RFC was supported by substantial evidence, including the narrative report provided by Dr. Asthana.

A treating physician's report must be given "great weight," especially when, as here, the physician's opinion is "based on a continuing observation of the patient's condition over a prolonged period of time." Plummer v. Apfel, 186 F.3d 422, 429 (3d. Cir. 1999). It is irrelevant in this case whether the material provided by Dr. Asthana is characterized as an opinion, a narrative report, or treatment notes. The report provides information on Ms. Moore's subjective complaints and Dr. Asthana's treatment decisions; it does not, however, provide

4

Dr. Asthana's opinion on how the headaches might interfere with Ms. Moore's day-to-day life.

The parties disagree primarily about the frequency and severity of Ms. Moore's headaches in 2008. The ALJ first considered Ms. Moore's testimony at the hearing, in which she described her migraines as lasting a couple of hours, once or twice a week. [Doc. No. 5 at 13]. Then, the ALJ reviewed Dr. Asthana's records, which noted "mild headaches made worse with exposure to light" in February 2008, and "headaches biweekly accompanied by sensitivity to light and sound" in May 2008. [Doc. No. 5 at 14].[1] Finally, in his credibility determination, the ALJ found that Ms. Moore's "statements concerning the intensity, persistence and limiting effects" of her symptoms were "not entirely credible." [Doc. No. 5 at 15].

In the RFC assessment, the ALJ found that Ms. Moore must be able to miss up to one day of work per month because of her headache symptoms. This finding is supported by substantial evidence, and is not directly contradicted by Dr. Asthana's report. Dr. Asthana's report does not address the duration or timing of Ms. Moore's headaches; some of Ms. Moore's headaches, because of the time of day at onset and the duration of the

---

[1] The record also contains letters written by Dr. Asthana to one of Ms. Moore's other physicians, which provide more detail about the reported duration and intensity of Ms. Moore's headaches. [Doc. No. 5 at 241-45]. However, the narrative report relied on by the ALJ seems to be Dr. Asthana's most recent and complete assessment of Ms. Moore's symptoms.

5

headache, may not require Ms. Moore to miss a day or even a half-day of work. Even if Ms. Moore's headaches involve sensitivity to light and occur once or twice a week, as reported by Dr. Asthana, Ms. Moore may be able to limit her absences from work to one day per month. Therefore, this court finds that the ALJ properly reached his decision by considering the entire record, while giving Dr. Asthana's report the weight it deserves as the opinion of a treating physician.

Finally, with regard to Ms. Moore's claim that the ALJ erred by presenting a hypothetical that was not an accurate portrayal of Ms. Moore's impairments, this court finds that the ALJ was not required to include all limitations asserted by Ms. Moore, but only those limitations that were credibly established. Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). As noted by the court in Rutherford, Ms. Moore's argument is essentially just another means of attacking the ALJ's RFC assessment. Id. at 554 n.8 ("[O]bjections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself."). Ms. Moore argues that the ALJ improperly assumed that she would only need to miss one day of work per month because of her headaches. As discussed above, the ALJ did not find Ms. Moore's testimony about the frequency and severity of her headaches entirely credible, and instead based the RFC assessment on a

6

consideration of the entire record. Because this court finds the RFC assessment to be supported by substantial evidence, the ALJ's use of the RFC in a hypothetical question posed to a vocational expert was also supported by substantial evidence.

IV. CONCLUSION

Based upon the foregoing reasons, we affirm the decision of the ALJ denying plaintiff's application for disability insurance benefits and supplemental security income benefits. The Commissioner's motion for summary judgment will be granted and Ms. Moore's motion for summary judgment will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARRIE L. MOORE,)
)
        Plaintiff,)
)
     v.) Civil Action No. 10-0823
)
MICHAEL J. ASTRUE,)
Commissioner of Social)
Security,)
)
        Defendant.)

ORDER

AND NOW, this 30th day of September, 2011, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [Doc. No. 9] is DENIED and defendant's motion for summary judgment [Doc. No. 11] is GRANTED.

IT IS FURTHER ORDERED that final judgment in the court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure and the Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record